**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DUSTIN LEE COMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-786-PLC |
| ) | |
| ALEX DOWNING and DUSTIN ) | |
| BREAKFIELD, ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon review of a document received from plaintiff Dustin Lee Combs ("Plaintiff"), an inmate at the Southeast Correctional Center ("SECC"). (ECF No. 9/filed Sept. 30, 2022). On September 12, 2022, this matter was dismissed without prejudice after the Court received a motion to voluntarily dismiss that was purportedly filed by Plaintiff. In the instant document, Plaintiff advises that a fellow offender helped initiate this action, but then "the offender wrote that letter asking for a dismissal." (ECF No. 9 at 2). Plaintiff claims the offender also filed unauthorized institutional documents in Plaintiff's name. Plaintiff writes: "I did not write a request of dismissal of case # 4:22-CV-0086-PLC." *Id.* Plaintiff also asks whether the Court can "overturn this verdict please," and indicates a desire to proceed. *Id.* The Court construes the document as Plaintiff's motion to reopen this case.[1] Based upon Plaintiff's averments, the Court will grant the instant motion, and will vacate its prior orders dismissing this case and direct the Clerk to reopen it.

Because Plaintiff's description of events raised concerns about the authenticity of the original complaint and Application to Proceed in District Court Without Prepaying Fees or

---

[1] Plaintiff also filed a duplicate document that the Court did not docket as a motion.

Costs, the Court has examined them light of the instant motion and the motion to voluntarily dismiss. Such examination shows that the original complaint and application bear the same handwriting and signatures as the motion to voluntarily dismiss, which Plaintiff now claims was written by another person. Additionally, the instant motion bears different handwriting, and a different signature. In light of that, and in light of Plaintiff's averments in the instant motion, it is not sufficiently clear that Plaintiff authorized or signed the original complaint and application. The Court will therefore direct Plaintiff to file an amended complaint, and will also direct Plaintiff to either pay the $402 filing fee, or file an Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified inmate account statement.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to Plaintiff. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff must write the defendant's name. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to the claims asserted in the amended complaint. Plaintiff must also specify the capacity in which each defendant is sued.[2]

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's

---

[2] The failure to name a defendant in an individual capacity may result in the dismissal of the defendant from this action.

2

name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support the claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state the claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, Plaintiff may set forth multiple claims against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, Plaintiff should set forth only claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for the alleged harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes to certain parts. Instead, plaintiff must file a single comprehensive amended complaint that sets forth the claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reopen (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's September 12, 2022 orders (ECF Nos. 7 and 8) are **VACATED,** and the Clerk shall reopen this case.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must either pay the $402 filing fee, or file an Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified inmate account statement.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 10th day of November, 2022.

                                          HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE