UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DUSTIN LEE COMBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-786-PLC |
| | ) | |
| ALEX DOWNING and | ) | |
| DUSTIN BREAKFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint and Application to Proceed in District Court Without Prepaying Fees or Costs filed by plaintiff Dustin Lee Combs's,[1] an inmate at the Southeast Correctional Center ("SECC").  (ECF Nos. 13 and 14/filed December 12, 2022).  For the reasons explained below, the Court will grant the motion, and assess an initial partial filing fee of $54.43.  Additionally, the Court will dismiss Plaintiff's official capacity claims against the defendants, direct the Clerk to serve process upon the defendants in their individual capacities, and deny without prejudice Plaintiff's motion to appoint counsel.

### Background

This case originated on July 25, 2022 upon the filing of a civil complaint against Missouri Department of Corrections ("MDOC") correctional officers Alex Downing and Dustin Breakfield.  In the complaint, it was alleged that the defendants violated Plaintiff's federally-protected rights on February 27, 2022 at the Potosi Correctional Center ("PCC").  The complaint was accompanied by an Application to Proceed in District Court Without Prepaying Fees or Costs, and a certified inmate account statement bearing Plaintiff's name and prison registration number.

---

[1] In the amended complaint, Plaintiff identifies herself as a transgender female, and refers to herself using feminine pronouns.  The Court will therefore refer to Plaintiff using feminine pronouns.

On September 12, 2022, the Court dismissed this case upon a motion to voluntarily dismiss that was purportedly filed by Plaintiff.  However, on September 30, 2022, Plaintiff filed a motion asking the Court to reopen the case.  In support, Plaintiff explained that the motion to voluntarily dismiss was unauthorized, and had been filed by a fellow inmate who had forged her signature.

On November 10, 2022, the Court entered an order granting Plaintiff's motion, and ordering the case reopened.  In that order, the Court noted that because the handwriting and signature on the unauthorized motion appeared to be the same as on the original complaint and application, it was unclear whether Plaintiff had authorized or signed the original complaint and application.  The Court directed Plaintiff to file an amended complaint, and to either pay the required filing fee or file a new Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff timely complied by filing the instant amended complaint and application.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to her account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

Plaintiff did not submit an inmate account statement with the instant motion.  Instead, Plaintiff writes: "I have not been able to obtain a copy of account history, but it is still exactly the same as before."  (ECF No. 14 at 1).  Review of the previously-filed certified inmate account

2

statement[2] shows an average monthly deposit of $272.16, and an average monthly balance of $210.19.  The Court will therefore assess an initial partial filing fee of $54.43, which is twenty percent of Plaintiff's average monthly deposit.  Any claim that Plaintiff is unable to pay that amount must be supported by a current certified inmate account statement.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare

---

[2] There is no indication that the certified inmate account statement relates to anyone other than Plaintiff.

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Downing and Breakfield in their official and individual capacities.  According to the amended complaint, on February 27, 2022, Breakfield handcuffed Plaintiff, and began escorting her to the segregation unit.  Plaintiff slipped and fell to the floor, and as she lay handcuffed with her hands behind her back, Breakfield repeatedly punched her for 3 to 4 minutes.  Breakfield also stated, "[you're] a man, not a woman you freak."  (ECF No. 13 at 4).  After other staff members arrived on the scene, Breakfield placed his knee on the back of Plaintiff's neck, "cutting off her ability to breath[e]." *Id.* at 5.

Plaintiff was then escorted to the segregation unit, and placed on a restraint bench.  She remained handcuffed behind her back, and her ankles were shackled to the restraint bench.  Downing "violently grabbed Combs by her hair, jerked her off the bench while shackled to the

4

bench, slammed her to the floor and bashed her face off of the floor twice." *Id.* Plaintiff "was placed back on the restraint bench and Defendant Downing emptied a can of OC spray into plaintiff Combs face and placed a spit mask on Plaintiff's face claiming falsely that Combs tried to spit on him." *Id.*

Plaintiff claims that the defendants violated her Eighth Amendment right to be free from cruel and unusual punishment. She claims that as a result of Breakfield and Downing's actions, she suffered bumps, cuts, bruising, permanent scarring, nerve damage, and psychological injury. She seeks only monetary relief.

## Discussion

The Court first addresses Plaintiff's official-capacity claims. A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). According to the amended complaint, the defendants are employed by the MDOC, a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency).

The Eleventh Amendment prohibits suits for damages against state agencies. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, plaintiff's official capacity claims against Breakfield and Downing will be dismissed. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (holding that a § 1983 damages claim against a state official acting in his official capacity is barred, either by the Eleventh Amendment or because, in such capacity, he is not a "person" capable of being sued).

The Court now addresses Plaintiff's individual capacity claims. Having liberally construed the amended complaint and presumed the veracity of Plaintiff's factual allegations, the Court concludes that the amended complaint adequately states Eighth Amendment claims against Breakfield and Downing. The Court will therefore require Breakfield and Downing to respond to the amended complaint.

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing herself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, the defendants have not been served with process and discovery has not begun, so there is no conflicting testimony. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $54.43.  Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims against defendants Dustin Breakfield and Alex Downing are **DISMISSED** without prejudice.  A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 15) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Dustin Breakfield and Alex Downing in their individual capacities.

Dated this 19th day of  December, 2022.

                                                        HENRY EDWARD AUTREY
                                                        UNITED STATES DISTRICT JUDGE