# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DUSTIN LEE COMBS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-786-PLC |
| ALEX DOWNING and DUSTIN BREAKFIELD, | ) ) ) ) |
| Defendants. | ) ) |

## Memorandum And Order

Defendants Alex Downing and Dustin Breakfield (collectively "Defendants") have filed a motion to dismiss this action. (ECF No. 21). Plaintiff has not responded to the motion, and the time for doing so has passed. For the following reasons, the motion is denied, and Defendants are directed to answer Plaintiff's Amended Complaint.

## Background

Plaintiff is an inmate at the Southeast Correctional Center ("SECC"), but the events giving rise to her claims occurred when she was incarcerated at the Potosi Correctional Center ("PCC").[1] Plaintiff filed the Amended Complaint against PCC officers Downing and Breakfield. The Amended Complaint included the following allegations.

On February 27, 2022, as Plaintiff lay on the floor with her hands cuffed behind her back, Breakfield repeatedly punched her for 3 to 4 minutes and said "[you're] a man, not a woman you freak." (ECF No. 13 at 4). Breakfield also placed his knee on the back of Plaintiff's neck, "cutting off her ability to breath[e]." *Id.* at 5. Later, Plaintiff was seated on a restraint bench with her hands

---

[1] In the Amended Complaint, Plaintiff identifies herself as a transgender female, and refers to herself using feminine pronouns. The Court will therefore refer to Plaintiff using feminine pronouns.

cuffed behind her back and her ankles shackled to the bench.  Downing yanked her from the bench by her hair, slammed her to the floor, bashed her face on the floor twice, put her back on the bench, and sprayed her face with pepper spray.

Upon initial review, the Court dismissed Plaintiff's official capacity claims, determined that Plaintiff's allegations stated plausible Eighth Amendment claims against Breakfield and Downing in their individual capacities, and directed them to respond to the Amended Complaint. The Court also directed Plaintiff to pay an initial partial filing fee.  In the instant motion, Defendants state they are entitled to dismissal on the basis of qualified immunity, and due to Plaintiff's failure to pay the initial partial filing fee.  In their "Suggestions in Support of Motion to Dismiss" (ECF No. 22), Defendants indicate they seek dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Legal Standard**

A motion filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the existence of the Court's subject matter jurisdiction.  A motion filed under Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief may be granted.  To survive a Rule 12(b)(6) motion, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillard's, Inc*., 565 F.3d 464, 473 (8th Cir. 2009).

When ruling on a Rule 12(b)(6) motion, a courts assume that the factual allegations in the complaint are true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and draw all reasonable inferences in favor of the non-moving party. *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 595 (8th Cir. 2009).  Courts disregard legal conclusions, and review the factual allegations for facial plausibility.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## Discussion

The Court first addresses Defendants' assertion of entitlement to dismissal on the basis of qualified immunity.  "Qualified immunity shields government officials performing discretionary functions from civil liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

To determine whether Defendants are entitled to dismissal on the basis of qualified immunity, the Court must determine whether Plaintiff has stated a plausible claim for violation of a constitutional or statutory right, and whether the right was clearly established at the time of the alleged infraction. *See id.* "To be clearly established, the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Weaver v. Clarke*, 45 F.3d 1253, 1256 (8th Cir. 1995) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  "[D]efendants seeking dismissal under Rule 12(b)(6) based on an assertion of qualified immunity 'must show that they are entitled to qualified immunity on the face of the complaint.'" *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (citation omitted).

In their "Suggestions in Support of Motion to Dismiss," Defendants contend that the Amended Complaint fails to state a plausible Eighth Amendment claim.  They offer their version of the relevant events, including that Breakfield and others "worked to regain control of Combs for her own safety and that of others," and that Plaintiff was "placed on the floor while awaiting a

3

spit hood." (ECF No. 22 at 1-2). Defendants further contend that even if the Amended Complaint stated a plausible claim for violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, Plaintiff cannot show that the right was clearly established.

Defendants' arguments are not well taken. The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). In this context, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically").

Accepting as true the well-pleaded facts in the Amended Complaint and construing them in Plaintiff's favor, the Court concludes that Plaintiff has stated plausible Eighth Amendment claims against Breakfield and Downing. Additionally, at the time of the relevant events, the contours of that right were sufficiently clear, and the unlawfulness of the conduct described in the Amended Complaint would have been apparent to a reasonable official. The Court concludes that Defendants have failed to show that they are entitled to qualified immunity on the face of the Amended Complaint. Additionally, Defendants cannot demonstrate that the Amended Complaint fails to state a claim upon which relief may be granted. Therefore, Defendants have failed to establish entitlement to dismissal pursuant to Rule 12(b)(6).

Defendants state they seek dismissal pursuant to Rule 12(b)(1), but provide no basis to conclude that this Court lacks subject matter jurisdiction. Defendants also seek dismissal on the basis that Plaintiff failed to pay the initial partial filing fee. However, Defendants do not explain,

4

nor is it apparent, why they are entitled to dismissal on that basis.  For the foregoing reasons, the motion is denied, and Defendants are directed to answer the Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall answer the Amended Complaint within fourteen (14) days of the date of this Order.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of May, 2023